### C. B. DOBBINS v. THE STATE.

No. 16948. Delivered October 24, 1934.
Rehearing Denied December 12, 1934.
Reported in 76 S. W. (2d) 1057.

The opinion states the case.

*J. Dixie Smith* and *Gordon O. McGehee,* both of Houston, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of murder, and his punishment assessed at death.

The testimony adduced, briefly stated, is as follows: The appellant was married to Miss Eda Enderli in the month of October, 1932. In the first part of January, 1934, she separated

from the appellant, returned with her baby to the home of her parents, and instituted suit for divorce. On the 22nd day of January, 1934, in the forenoon, the appellant drove to the home of his wife's father, took the baby for a ride, brought it back, and then left. On the afternoon of that day, the appellant's wife, with her baby, and her father and mother, went in her father's car to the town of Goose Creek where her father got out to attend to some business, and she, the appellant's wife, took her baby and her mother to the home of Mrs. Hazelwood where she left them while she went to Baytown to see her lawyer. At Baytown she met the appellant on the street and he went with her to her lawyer's office where he complained of the allegations in the petition for a divorce. His complaint was that the allegations were not true, that the date of their marriage was not correctly stated, and he appeared to be angry. After a short discussion of the matters contained in the petition, the attorney requested him to leave the office, whereupon appellant turned to his wife and said: "Come on, let's go"; she hesitated and he then took hold of her arm and said, "Come on." They left the office together, went downstairs, and stopped at the foot of the stairs where he told her "that fellow up there (meaning her attorney) was a crook and that he was going to get her into trouble." They then went to the car where appellant entered the same under the steering wheel while she remained standing on the opposite side and they were talking. In a little while, he got out of the car and as soon as he got out she got into the car and started down the street towards Goose Creek. He immediately went across the street to a service station, engaged a service car; and instructed the driver to follow the car in which Mrs. Dobbins had driven away going in the direction of the Hazelwood home. When Mrs. Dobbins arrived at the Hazelwood home, she parked her car and entered the house. The appellant, who had followed her and who was close behind, upon reaching the Hazelwood home also got out of the service car, entered the Hazelwood home, and immediately thereafter the shooting and screaming was heard by the neighbors, who summoned officers and an ambulance. When the officers arrived, they found Mrs. Dobbins lying on the floor between the living room and bedroom. They found her mother, Mrs. Enderli, lying on the floor near the back door and Mrs. Hazelwood was out in the yard near the Davis home bleeding from pistol shot wounds, and the appellant was lying on the floor by the side of his wife. The appellant was not wounded and was taken to jail. The wounded women were taken to a hospital where Mrs. En-

derli died the same night and Mrs. Hazelwood died the following evening. The appellant's plea was insanity, and in support of said plea he offered a number of witnesses who testified that at times he acted queer, that at times he would stay in his room for several days and not associate with anyone. Drs. York and Greenwood, specialists on mental diseases, testified that they had examined the appellant and reached the conclusion that he was sane at the time of the commission of the offense.

By bill of exception No. 1 appellant complains of the action of the trial court in not permitting him to prove by the witness Dr. Covington that some time prior to the time of the alleged homicide he treated the appellant for wounds on his head; that at that time the appellant told him, the doctor, that his father-in-law had struck him, appellant, with a hatchet. The court in his qualification to the bill of exception states that Mr. Enderli, the father-in-law of the appellant, had theretofore testified that several months before the alleged homicide he struck the appellant with a hatchet. Whatever appellant may have said to the witness Dr. Covington was hearsay; besides, the same facts were testified to without objection by the appellant's father-in-law, who inflicted the wounds upon appellant. We are of the opinion that under the circumstances no error was committed by the trial court in his ruling.

By bill of exception No. 2 the appellant complains of the action of the trial court in permitting the witness Atwood to testify that within two or three minutes after the shooting he went into the house where the appellant was; that he saw the appellant and that appellant asked the witness for a cigarette and then said, "It looks like I am in for it;" that the witness did not see appellant do anything and did not hear him say anything which indicated an unsound mind, to all of which the appellant objected because the witness had not shown himself qualified to express an opinion on the sanity or insanity of the appellant. It is our opinion that under the rule announced in the case of Langhorn v. State, 105 Texas Crim. Rep., 470; Upton v. State, 20 S. W. (2d) 794, and authorities there cited, that the ruling of the court was not error. The court's qualification to said bill shows that other witnesses who were also present at the scene of the fatal difficulty gave similar testimony without objection on the part of the appellant. It is now a well established rule that when similar testimony is given by other witnesses, without objection, as that which was objected to, that the action of the court in overruling the objection does not show any error. See Countee v. State, 44 S. W. (2d) 994; McLaugh-

lin v. State, 4 S. W. (2d) 54; Machado v. State, 17 S. W. (2d) 1060; Montgomery v. State, 31 S. W. (2d) 440; Flower v. State, 18 S. W. (2d) 659.

Bills of exception 3 and 4, which relate to similar matters complained of in bills of exception 1 and 2, are overruled for the same reasons hereinabove stated.

By bill of exception No. 5 appellant complains of the action of the trial court in permitting Dr. York to state, after having testified that he examined appellant and talked with him, that he reached the conclusion that the appellant was of sound mind and that the appellant at the time of the homicide knew right from wrong. The court's qualification to the bill discloses that after the testimony was given the appellant objected to the testimony of said witness that the appellant at the time of the homicide knew right from wrong. The court sustained the appellant's objection and instructed the jury not to consider same. Therefore, the bill as qualified fails to disclose any error.

By bill of exception No. 6 the appellant complains of the argument of the district attorney in which he employed the following language: "The defendant has not brought any of his relatives to testify that there was insanity in the defendant's family or that the defendant was insane." The court in his qualification to said bill certifies that it was shown that relatives of the defendant who had known him from childhood were available, in fact, some were present in court, and none were called to give any testimony bearing on the issue of insanity. The burden rested upon the appellant to establish his insanity by a preponderance of his testimony, and if any of his relatives who had known him from childhood were present in court and were not called by appellant as witnesses, this would be a circumstance a reference to which in argument would not be improper.

By bill of exception No. 7 the appellant complains of the following argument of the district attorney, to-wit: "The State's expert, Dr. J. B. York, has told you that the appellant at the time of the commission of the offense knew the right from the wrong and was of sound mind," to which the appellant objected because Dr. York's testimony had been withdrawn upon appellant's objection. The court's qualification to said bill discloses that when the district attorney made said argument and the appellant objected to the same, the court immediately stopped the district attorney and called his attention to the fact that the particular question and answer of the witness York as to whether the appellant at the time of the homicide knew the

right from the wrong was withdrawn; that thereupon the district attorney stated to the jury that he had overlooked the fact and apologized for making the statement and also asked the jury not to consider. it. No written request was made by the appellant that the same be withdrawn from the jury. We do not believe that under the circumstances the bill discloses such error as would require a reversal of this case.

By bill of exception No. 8 the appellant complains of the action of the trial court in not instructing the jury on the law of circumstantial evidence. The court in qualifying the bill certifies that no objection was made to the court's charge for failure to include therein any charge on circumstantial evidence and no request was made of the court to give a charge on circumstantial evidence. Under such circumstances the bill of exception fails to disclose any error. In the case of Jazo v. State, 26 S. W. (2d) 631, this court, speaking through Judge Hawkins in discussing a similar question, said: "However, no objection to the charge for omission to instruct on the subject was presented, neither was any special charge requested which would call the court's attention to the matter. Under such circumstances, the court cannot, in obedience to articles 658 and 866, C. C. P., entertain a complaint that the court did not instruct on the law of circumstantial evidence," and in support thereof cites the case of Charles v. State, 213 S. W., 266; Cobb v. State, 286 S. W., 1086, and Givens v. State, 267 S. W., 725.

Finding no reversible error in the record, the judgment of the trial court is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant insists that we erred in not sustaining his contentions appearing in bills of exception 2, 3, 4, 6, 7 and 8. We have again reviewed the matters referred to. Cases without number settle the rule that qualifications appearing upon bills of exception, to which no objection was made and approved,—must be accepted as correct and as part of the bill by this court when the matter comes before us upon an appeal. Each of the bills of exception mentioned is qualified by the learned trial judge at length, and no objection was made there-

to in the court below.   As qualified, none of said bills manifest error.

The motion for rehearing will be overruled.

*Overruled..*