STAR REALTY, appellant, v. ARTHUR L. STRAHL et ux., appellees.

No. 52643.

(Reported in 154 N.W.2d 143)

NOVEMBER 14, 1967.

Stewart, Miller, Wimer, Brennan & Joyce, of Des Moines, for appellant.

Witmer, Needham & Riemenschneider, of Des Moines, for appellees.

STUART, J.—Star Realty brought this action at law in the Des Moines Municipal Court seeking to recover a real-estate commission. It claimed defendants failed to perform a contract of sale by refusing to deliver possession to a ready, willing and able purchaser who then rescinded the contract. The trial court allowed plaintiff its "out of pocket" expenses but denied recovery of the commission. Plaintiff appealed. Defendants did not cross-appeal.

On June 29, 1965, defendants entered into a multiple listing contract for the sale of their home. On August 31, 1965, the Swansons executed an offer to buy defendants' property. The offer was accepted by defendants on September 2, 1965. Possession date was "on or about October 1." The contract was subject to approval for a G. I. loan. Such approval was obtained on October 10. Defendants refused to sign the deed or deliver possession of the property until after January 1, 1966. Purchasers refused to wait for possession past October 22, 1965, and rescinded the contract.

A literal reading of the offer to buy indicates plaintiff had furnished a buyer and would be entitled to its commission. The controversy centers around an alleged oral understanding of the purpose of the "possession date" of "on or about October 1." Defendants claim the real-estate agent knew Mrs. Strahl was ill and was to have an operation. He was told they did not know when they could give possession and that the date of October 1 was put in the contract so the loan could be approved. The actual date of possession was to be agreed upon later.

I. Plaintiff assigns as error the failure of the trial court to exclude testimony of such oral understanding as an attempt to vary the terms of a written instrument in violation of the parol-evidence rule. Defendants claim plaintiff waived any right to object to certain testimony admitted over the objection because it had introduced evidence as to the meaning of such "possession date." As we agree, we need not consider the applicability of the parol-evidence rule.

The testimony in question is that of Mrs. Strahl. It is certainly not a model of clarity. Plaintiff called her as an

adverse witness. On direct examination she testified: "It is true that the possession date was obtained on October 1st or thereabouts in 1965. I accepted that offer, but that isn't what Mr. Scott told me. * * *."

She was later asked by plaintiff:

"Q. Let me ask you, when this provision in the contract stated that possession was to be given on or about October 1, and you signed this, what did that mean to you? A. Well, he told me that it was just a date so that the loan would go through. It was an agreement between the two people.

"Q. And had the loan been approved on October 1, you would have relinquished possession? A. If I was in the hospital then, we would have discussed it. I was in the hospital the 4th to the 8th."

On cross-examination she was asked what the discussion was with Scott about her physical condition at the time the offer to buy was signed. After the objection was overruled she proceeded to amplify answers previously given on direct examination.

On redirect examination she was asked about a telephone conversation with Mr. Hannam of Star Realty. She testified: "* * * he called up and said he was going to sue me, and I told him that Mr. Scott said that he told the other people that I was going to have surgery, and they would wait. And I understood they would wait. And when he called and said the Swansons were coming to look at the house, I said had Scott explained anything to them, and he said no. I was willing to give them the house, if they would understand that they had to wait for it. Like I explained to them, I wanted it sold."

Later Mrs. Strahl testified in her own behalf without objection as follows:

"I signed the offer on September 21st, 1965. We discussed the terms and the conditions of the offer with Mr. Scott. He wanted me to sign the offer at that time because he told me the loan company would approve it if I would approve it, and that a later date, 60 days before I could give possession on the house, he told me no loan company could approve a loan that far, and he said October 1st we could put it on and then we

and the people, we could. I advised Mr. Scott of my physical condition. I did and I stipulated that I wanted the people to understand before I signed that, and he said he would take it over there right that day, and when I hadn't heard anything I assumed that they were waiting. I signed the offer but he was supposed to ask the people if they would wait. He assured me that there wasn't any rush for them to move out."

Objections were interposed to subsequent questions on the same proposition which were overruled.

On cross-examination she testified:

"The understanding was, he told me the date didn't matter.

"Q. Then, why did you say to the Swansons that ideally it wouldn't obtain until after January? A. Because Mr. Scott told me when I went to the hospital nobody could kick me out of the house. That was his exact words."

Plaintiff, having itself opened the field of inquiry into the meaning or intent of the October 1st possession date, is in no position to object when defendants pursued the same line of questioning on cross-examination. Also when plaintiff failed to object to testimony by Mrs. Strahl given in her own behalf, it waived the right to object to further questions on the same subject matter propounded to the same witness and the court did not commit reversible error in overruling such belated objections. Glatstein v. Grund, 243 Iowa 541, 51 N.W.2d 162, 168, 36 A.L.R.2d 531; Wilson v. Wilson, 192 Iowa 646, 654, 185 N.W. 97; Stutsman v. Des Moines City Ry. Co., 180 Iowa 524, 532, 163 N.W. 580; 88 C.J.S. 234, 236, Trial, sections 115(2), 116.

If there was no agreement on possession date, as the trial court apparently found, plaintiff did not furnish a buyer ready, willing and able to purchase on terms acceptable to defendants.

We find no merit in the assigned errors and therefore affirm the trial court.—Affirmed.

All JUSTICES concur except RAWLINGS, J., who concurs in result.