**STATE of Iowa, Appellee,**

v.

**John Francis PARDOCK, Appellant.**

**No. 55372.**

Supreme Court of Iowa.

Feb. 20, 1974.

Leslie C. Roberts, Des Moines, for appellant.

Richard C. Turner, Atty. Gen., Darby Maria Coriden, Asst. Atty. Gen., Ray A. Fenton, Polk County Atty., for appellee.

Heard before MOORE, C. J., and MASON, LeGRAND, REES and UHLENHOPP, JJ.

MASON, Justice.

John Francis Pardock was charged with operating a motor vehicle on September 22,

1971, while under the influence of an alcoholic beverage in violation of section 321.-281, The Code. He appeals from judgment following conviction by a jury of the crime charged.

Two Des Moines police officers in a patrol car first observed defendant stopped, slumped over the steering wheel of his car, at a traffic light near Fourth and Walnut. As the traffic light changed defendant proceeded to drive ahead making a right turn at the intersection. The officers followed and after observing the erratic manner in which defendant was driving, turned on the red spinner lights on the patrol car and honked the horn. Defendant pulled over to his right and stopped. The officers stepped out of the patrol car and approached defendant's vehicle. He was the only occupant in the car.

After observing defendant for a few moments a sergeant of the Des Moines police department was called to the scene. The sergeant observed defendant's appearance and behavior, placed him under arrest and directed the two patrolmen to take defendant to the police station. In the opinion of the three officers, as they testified at trial, defendant was intoxicated.

Defendant alleged the trial court erred in the following particulars: (1) in admitting into evidence the breath, coin, etc., tests and explanation thereof, without proper foundation since a blood test was not first offered; (2) in submitting instruction 9 to the jury; (3) in admitting testimony of Sergeant Noel as to police procedure in a charge of this type; (4) in refusing to segregate a State's witness whose testimony was interrupted by a court recess; (5) in refusing to grant defendant's motion for a directed verdict; and (6) in refusing defendant's motion for a new trial.

The foregoing assignments will not necessarily be considered in the order asserted; defendant elected to argue all assignments together.

In reviewing defendant's assignments relied on for reversal we have examined not only the printed record but also have studied the reporter's transcript of the trial proceedings.

■ I. In his fifth assignment defendant argues the court erred in overruling his motion for directed verdict. On a motion for a directed verdict the evidence must be viewed in the light most favorable to the State. State v. Schurman, 205 N.W.2d 732, 733 (Iowa 1973). The court should submit the cause to the jury and not direct a verdict if there is any substantial evidence reasonably tending to support the charge. State v. Johnson, 196 N.W.2d 563, 566 (Iowa 1972); State v. Schurman, 205 N.W.2d at 733.

■ The evidence, in brief, is that two officers observed defendant driving his car in an erratic manner, just barely missing a parked car at one point. Further testimony was that defendant was unsteady on his feet, smelled of alcohol and admitted to consuming a quantity of liquor and beer. The evidence was clearly sufficient for the cause to be submitted to the jury; trial court did not commit error in overruling the motion for directed verdict. The assignment is without merit.

■ II. Defendant's second assignment challenges instruction 9. No argument or recitation of authority is presented by defendant on this point; he merely sets out a long statement of error. Reasons stated therein were that the jury should first have been instructed that defendant must first be offered a blood test and it unduly biased the jury.

The amended record shows defendant made no objection when the instruction was submitted to counsel; he merely reserved objections. No objection was made whatsoever to the giving of instruction 9; furthermore, no objection to the instruction was made in the motion for new trial. Of course, no specifications of grounds

were made either. Any error was therefore waived by failure to object. State v. Brandt, 182 N.W.2d 916, 917 (Iowa 1971); State v. Beer, 193 N.W.2d 530, 532 (Iowa 1972); and State v. Joss, 211 N.W.2d 320, 321 (Iowa 1973). This assignment is without merit.

III. Defendant also contends it was reversible error to refuse his motion to segregate witness Brewer whose testifying was interrupted by a court recess. No authority is presented for this argument. Iowa has no statute dealing with separation of witnesses at trial although section 761.12, The Code, 1973, allows such at a preliminary hearing before a magistrate.

■ Iowa follows the majority view of abuse of discretion rule in determining whether refusal to sequester constitutes reversible error. In re Will of Smith, 245 Iowa 38, 40–46, 60 N.W.2d 866, 868–870; see also Comment, 46 Iowa L.Rev. 889; and 24 C.J.S. Criminal Law § 1439, p. 48. There is no code provision relating to the factual situation here; research has disclosed no authority on similar circumstances.

■ It is our view that for reversible error to be committed prejudice must be shown. There is no showing of such from the records; the witness, under cross-examination by defense counsel, stated he had not discussed the case with any one during the recess. This assignment is without merit.

■ IV. Defendant's third assignment is that reversible error was committed in admitting Officer Noel's testimony about the procedure he follows when making an arrest for OMVUI. It is argued on this appeal that such evidence misled and biased the jury so as to deny defendant due process of law. The abstract of record shows that either no objection was made to evidence of the procedure Noel followed or the objection was not on the grounds now urged. Matters not raised in trial court, including constitutional questions, may not be effectively asserted for the first time on appeal. State v. Tokatlian, 203 N.W.2d 116, 120 (Iowa 1972); State v. Bruno, 204 N.W.2d 879, 884 (Iowa 1973); State v. Burtlow, 210 N.W.2d 438, 439 (Iowa 1973); and State v. Joss, 211 N.W.2d at 321. This assignment cannot be sustained.

V. Defendant's first assignment attacks the court's ruling admitting evidence relative to a breath test as being irrelevant without proper foundation. Defendant argues that since the evidence was uncontradicted a blood test was not first offered, testimony relating to a breath test and defendant's refusal to submit to the same was error.

■■ The State concedes in written argument that a blood test must be first offered to and refused by the suspect in an OMVUI case before the results of a breath test can be received into evidence. Rodriguez v. Fulton, 190 N.W.2d 417 (Iowa 1971). If the results of a breath test are not admissible because a blood test was not offered first then testimony as to the suspect's refusal to take the breath test is also inadmissible. State v. Hall, 203 N.W.2d 375 (Iowa 1973).

This assignment has merit only if error was preserved.

The following portions of the examination of the first of the three officers involved in defendant's arrest called as a State's witness are taken from the trial transcript:

"Q. Did you offer to make tests? A. Yes, sir. Sergeant Noel advised—correction—asked the defendant at the scene if the defendant would take the FAIT test.

"Q. What is that? A. The field alcoholic test.

"Q. What was his response? A. The defendant said he would not take any tests at all."

**348**

Defendant made no objection or motion to strike.

The following cross-examination took place:

"Q. Well, what tests did you offer? A. The first one was a FAIT test at the scene. The second was a breathalizer at the station. The third one was picking up coins.

"Q. You're aware that the law provides that you must first give the defendant an opportunity to take a blood test? A. Yes, sir.

"Q. And yet you then went ahead regardless and asked him to take the breath test, contrary to law? A. Yes, sir.

"MR. CROUCH: Object, Your Honor, the witness in this case has been asked as to whether he is aware of the fact that a blood test must be given according to law, and further—

"MR. PIAZZA: Offered.

"MR. CROUCH: And further as to whether that is the law in the case. The county attorney objects to that particular form of questioning as in this case it is leading to the witness and calling for a conclusion without a proper foundation, and moves that the answer be stricken from the record.

"THE COURT: Motion is overruled.

"Q. Did you ever ask him to give his blood? A. No, sir.

"Q. His urine? A. No sir.

"Q. His saliva? A. Yes, sir, along with the breath test.

"Q. You did ask him to give some saliva? A. Yes, sir, the breath test also has saliva."

A second witness for the State testified defendant refused to take all tests. The witness testified he advised defendant his license would be suspended but defendant responded he didn't care if his license was suspended. Defendant failed to object or make any motion to strike.

On cross-examination of this witness defendant's counsel asked:

"Q. You didn't ask him for a blood test, did you? A. We asked for a breath test.

"Q. Did you ask him if he would consent to give a specimen of saliva or urine? What are you reading, Officer?" The transcript shows no answer to the last questions.

On redirect examination the witness was asked whether there were any tests offered to defendant after he made a telephone call.

The witness responded, "Yes, the breath test and coin test, which he refused." Admissibility of this evidence was not challenged by an objection or motion to strike.

■ The question of admissibility of the testimony of the two police officers just referred to regarding defendant's refusal to take a breath test was not preserved for review under this record.

■ A failure to assert promptly and specifically an objection to an offer of evidence at the time the offer is made is a waiver upon appeal of any ground of complaint against its admission. One attempting to exclude evidence whether the attempted exclusion is by objection or motion, has a duty to indicate the specific grounds to the court so as to alert him to the question raised and enable opposing counsel to take proper corrective measures to remedy the defect, if possible. State v. Williams, 207 N.W.2d 98, 109–110 (Iowa 1973).

Testimony of the State's third and final witness, the police sergeant, presents a different proposition under this record. He testified much the same as the previous two witnesses. When asked what happened after he arrived at the scene of arrest he testified he requested that defend-

ant take a FAIT test to determine whether he had been consuming any alcoholic beverage. Defendant did not move to strike this evidence. When the sergeant was asked to describe the field test (FAIT), defense counsel objected asserting the matter was irrelevant on the basis there was no proper foundation laid at that point for admission of the test. The objection was overruled.

Later this witness was asked:

"Q. Officer, I ask your opinion at this time, and that is, if a person were to take the test and the crystals did not turn green, is there a procedure—this is not an opinion —is there a procedure that you would go through, a standard?

"MR. PIAZZA: That's incompetent, irrelevant and immaterial to any issues to decide in this case.

"THE COURT: Overruled. You may answer."

On cross-examination defendant pursued the merits of the FAIT test. Redirect examination was finally resumed.

When the sergeant was asked if he was familiar with the test administered called a breath test he answered, "Yes." He was then asked what was utilized by the Des Moines police department to collect the sample. Defense counsel objected as irrelevant and immaterial to any issue in this case. The objection was overruled.

At another point the prosecution asked the sergeant if he had ever been present in the courtroom when testimony was given as to analysis of a breath test. Defendant's objection that it was irrelevant and immaterial was overruled.

█ The objection, "irrelevant" when admissibility of evidence is challenged in the trial court on this ground states a distinction and substantial ground for exclusion and is sufficiently specific to raise the issue in this court. State v. Clay, 213 N. W.2d 473 (Iowa 1973).

The question is whether defendant, by failing to object to testimony given by the first two police officers relative to the breath test being offered to and refused by Pardock, is precluded from objecting to similar testimony later offered by the police sergeant.

The issue was considered in Stutsman v. Des Moines C. R. Co., 180 Iowa 524, 532, 163 N.W. 580, 583–584. There the court held that a party may not permit testimony to be given by one or more witnesses without objection, and then insist that similar proof by another competent witness is immaterial or incompetent. This case was later cited in Star Realty v. Strahl, 261 Iowa 362, 365, 154 N.W.2d 143, 145.

Among other decisions expressing a similar view are Naccarato v. Village of Priest River, 68 Idaho 368, 195 P.2d 370, 373; First Nat. Bank in Tonkawa v. Beatty, 172 Okl. 47, 45 P.2d 158, 161; Walker v. St. Vincent dePaul, 239 Or. 135, 396 P. 2d 898, 899; Baxter v. Lincoln Mills Co., 70 R.I. 16, 36 A.2d 106, 110; and Dobbins v. State, 127 Tex.Cr.R. 380, 76 S.W.2d 1057, 1058–1059.

However, McCormick suggests that, "in opinions where the question is carefully discussed it is usually concluded the mere failure to object to other like evidence is not a waiver of an objection to new incompetent evidence." McCormick on Evidence, Second Ed., section 55, p. 128.

Wigmore says, "While failure to object to evidence of a particular fact is not a waiver to object to similar evidence the discretion of the trial judge has been held to be applicable to the later objection." 1 Wigmore on Evidence, Third Ed., section 18 n. 37.

█ We believe a better statement of the principle would be that the failure of a party to object to evidence of a particular fact does not waive the right to object to similar evidence when offered at a later stage of the proceedings, but permits the trial court to exercise its discretion as to

whether the subsequent objection should be sustained. See State v. Ellis, 243 Or. 190, 412 P.2d 518, 520.

■ The trial court did not abuse its discretion in overruling defendant's objections to the testimony of the police sergeant.

VI. In view of our holding in earlier divisions of this opinion there is no merit in defendant's contention he was entitled to a new trial.

The case is therefore

Affirmed.