**Ida Mae TERRELL and Archie Terrell, Appellants,**

v.

**John Michael POLAND, Underwriter at Lloyd's of London Subscribing to Policy No. CF10289, Appellee.**

No. 83–2430.

United States Court of Appeals, Eighth Circuit.

Submitted April 3, 1984.

Decided Sept. 26, 1984.

W. Frank Morledge, P.A., Forrest City, Ark., for appellants.

Laser, Sharp & Huckabay, P.A., Little Rock, Ark., for appellee.

Before BRIGHT, JOHN R. GIBSON and BOWMAN, Circuit Judges.

PER CURIAM.

Ida Mae and Archie Terrell appeal from a jury verdict denying them recovery under a fire insurance policy for losses they sustained when their place of business was destroyed by fire. For reversal the Terrells argue that the District Court[1] com-

---

1. The Honorable Henry Woods, United States District Judge for the Eastern District of Arkan-   sas.

mitted reversible error when it denied their motion to strike as hearsay a written statement made by a woman who reported that she saw the Terrells removing furniture from their place of business shortly before the fire. We affirm.

From 1972 through 1980 the appellants owned and operated a nightclub in Brinkley, Arkansas which was insured against fire loss by Lloyd's of London. In April 1980 Ida Mae Terrell obtained a $40,000 loan from the Small Business Administration for the purpose of renovating the nightclub. The loan was secured by a mortgage on the business premises and a security interest in the furniture, fixtures, equipment, inventory, and accounts receivable then owned or thereafter acquired for use in the business. The loan agreement also required that the SBA be designated loss payee under the fire insurance policy.

On August 18, 1980, at approximately 2:00 a.m. a fire began at the Terrells' nightclub and resulted in a total loss. The Terrells thereafter defaulted on the loan and the SBA brought a foreclosure action in the District Court. The Terrells filed a cross-complaint against Lloyd's of London for the proceeds of the fire insurance policy and Lloyd's pled arson as an affirmative defense.

The question of the Terrells' and Lloyd's liability to the SBA was tried to the court which entered judgment against the Terrells in the amount of the outstanding indebtedness, $36,371.85, and ordered Lloyd's to pay the SBA $35,000 as loss payee under the insurance policy.

The question of the Terrells' and Lloyd's respective rights was submitted to a jury which accepted Lloyd's allegations of arson and returned a verdict against the Terrells. The court then entered judgment in Lloyd's favor against the Terrells for $35,000. This appeal followed.

The Terrells now argue that the District Court committed reversible error when it denied their motion to strike as hearsay a written statement made by a woman who reported to the Brinkley Fire Department that she saw the Terrells removing furniture from the nightclub two weeks before the fire. During the trial Lloyd's introduced this statement together with an investigative report prepared by the Brinkley Fire Department as Exhibit 11. When the exhibit was introduced the Terrells' trial attorney did not object to the statement. However later at the close of evidence he made a motion to strike the statement as hearsay, and in response the court stated:

> Well, of course, I can hardly go back. The case is closed. I mean this was received ... You know, I probably would have stricken this if you'd called my attention to it but I received it without objection so I don't really have any choice about that. I wish I could give you some relief, but we rested at that point and it's in evidence according to the record and the record is closed and no objection was made to it.

Tr. 344–45.

Rules 103(a)(1) and 103(d) of the Federal Rules of Evidence govern our standard of review in deciding whether a District Court committed reversible error by admitting evidence. Those rules state:

> (a) *Effect of erroneous ruling.* Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and
>
> (1) *Objection.* In case the ruling is one admitting evidence, a timely objection or motion to strike appears of record, stating the specific ground of objection, if the specific ground was not apparent from the context ....
>
> (d) *Plain error.* Nothing in this rule precludes taking notice of plain errors affecting substantial rights although they were not brought to the attention of the court.

The rule is well settled in this circuit that for an objection to be timely it

must be made at the earliest possible opportunity after the ground of objection becomes apparent, or it will be considered waived. *Isaacs v. United States*, 301 F.2d 706, 734 (8th Cir.), *cert. denied*, 371 U.S. 818, 83 S.Ct. 32, 9 L.Ed.2d 58 (1962); *Marx v. United States*, 86 F.2d 245, 251 (8th Cir.1936). The Terrells' motion to strike the hearsay statement at the close of evidence was untimely. Their trial attorney reviewed Exhibit 11 which included the hearsay statement before trial and even objected to other portions of the exhibit when it was introduced. The ground for objecting to the hearsay statement was apparent at that time, and the Terrells waived the hearsay objection by failing to make it then.[2]

Furthermore, the admission of the hearsay statement does not constitute the sort of plain error affecting substantial rights that warrants reversal. The hearsay statement was merely cumulative of other strong evidence which suggested that the Terrells committed arson. The evidence clearly established that the fire was intentionally set at approximately 2:00 a.m. on August 18, 1980.[3] A Brinkley police officer who was on patrol that night testified that he saw Archie Terrell leaving the nightclub at 1:55 a.m. with a large bag under his arm. There were no signs of forced entry into the club: all doors and windows were securely locked when the police and firemen arrived on the scene. Mr. Terrell initially told three separate investigators that he left his business the night of the fire between 1:45 and 1:50 a.m. At trial, however, he testified that he left at approximately 1:10 a.m. Before the fire the Terrells had their liquor license temporarily suspended and at the time of the fire they were facing another suspension. And shortly before the fire the Terrells told several people that they intended to get out of the nightclub business and build an ice skating rink.

Finding no error, we affirm the District Court judgment denying the Terrells recovery under the insurance policy and granting Lloyd's reimbursement of the monies it was required to pay the SBA.

---

2. There is a dispute between the parties concerning whether the Terrells' trial counsel made a pre-trial motion in limine to exclude any evidence that the Terrells removed furnishings from the nightclub before the fire. The Terrells' appellate counsel, who did not try the case in the District Court, asserts that such a motion was made and granted. Lloyd's appellate counsel, who did try the case below, asserts that no such motion was made or granted. We note that the Terrells' appellate counsel has failed to support his claim by citation to the record, and we can find nothing in the record to suggest that a motion in limine was made. Since Rule 103(a)(1) states that error may not be predicated on the admission of evidence unless a timely objection or motion to strike *appears of record*, we need not consider whether a pre-trial motion in limine would have been sufficient to preserve the error for appellate review.

3. The fire investigator who examined the nightclub shortly after the fire testified that the fire originated from three separate points, and a chemist who analyzed debris samples from the three points testified that he found traces of gasoline.