763 F.2d 337
 18 Fed. R. Evid. Serv. 389
 Pauline V. POWELL, Administratrix for the Estate of James E.
Powell, Deceased, Appellant,
v.
Jimmy BURNS, Individually and as a State Highway Patrolman
of the State of Nebraska, Appellee.
Emil Kohmetscher, Individually and as the Colonel of the
State of Nebraska Highway Patrol.
 No. 84-2019.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Feb. 12, 1985.
Decided May 31, 1985.
 
 William T. Ginsburg, Omaha, Neb., for appellant.
 L. Jay Bartel, Lincoln, Neb., for appellee.
 Before LAY, Chief Judge, and HEANEY and FAGG, Circuit Judges.
 FAGG, Circuit Judge.
 
 
 1
 Pauline Powell brought suit in district court under federal and state laws for damages resulting from the shooting death of her son, James Powell, at the hand of Nebraska Highway Patrolman Jimmy Burns. The district court entered judgment on a jury verdict in favor of Burns, and Powell appeals. We affirm.
 
 
 2
 On November 23, 1980, Burns stopped James Powell for traffic violations on an interstate highway near Omaha, Nebraska, after a lengthy, high speed chase. Burns approached Powell's car with his gun drawn, and Powell attempted to pull away. Burns grabbed the door handle of Powell's car. There is conflicting evidence as to whether Burns deliberately aimed at Powell and fired or whether Burns' gun accidentally discharged as he lost his balance and fell. Powell was killed by a single bullet wound to the head.
 
 
 3
 Pauline Powell, as administratrix of her son's estate, filed suit, claiming principally that Burns' action constituted a summary execution in violation of her son's rights to due process, equal protection, and freedom from cruel and unusual punishment. The jury returned a verdict in favor of Burns and, consequently, must have concluded that the shooting was an accident.
 
 
 4
 Powell initially contends that the trial court erroneously admitted testimony from Burns as to his mental state following the shooting incident. Burns testified as to his mental state immediately after the shooting and to his mental state up to and including the day of trial.
 
 
 5
 Powell failed to object to Burns' testimony respecting his mental state immediately following the shooting until after Burns had already answered a number of questions on the subject. Powell's objection to this "whole line of questioning" on grounds of relevance and materiality was therefore untimely, and his failure to object to the evidence "at the first available opportunity served to waive any ground of complaint against its admission, absent plain error." United States v. Vesich, 724 F.2d 451, 462 (5th Cir.1984). See Terrell v. Poland, 744 F.2d 637, 638-39 (8th Cir.1984); Star Realty v. Strahl, 261 Iowa 362, 154 N.W.2d 143, 145 (1967). We cannot say that admission of this testimony was plain error.
 
 
 6
 After Burns answered questions about his mental state immediately following the shooting, the questioning shifted to Burns' mental state in the period up to and including the day of trial. Powell also failed to make a timely objection to this testimony. Counsel's objection to "this whole line of questioning" did not extend beyond the subject matter immediately before the court--that is, Burns' mental state immediately after the shooting. When the line of questioning changed to Burns' mental state in the period up to and including trial, counsel was obliged to object anew. Absent objection at trial to this new line of questioning, Powell has failed to preserve any error for review. United States v. Wilson, 690 F.2d 1267, 1273-74 (9th Cir.1982); Northwestern Flyers, Inc. v. Olson Bros. Mfg. Co., 679 F.2d 1264, 1275 n. 27 (8th Cir.1982); Fed.R.Evid. 103(a)(1). We do not consider the admission of this testimony plain error.
 
 
 7
 Powell also claims the trial court committed error by denying her motion for a new trial because the jury's verdict was against the weight of the evidence. The issues presented to the jury were not complicated. The critical issue was whether to credit Burns' testimony that the shooting was an accident, or to credit other witnesses' testimony that they saw Burns deliberately aim his gun and shoot at James Powell's car. We will not disturb the jury's resolution of that issue in Burns' favor on appeal. See McGee v. South Pemiscot School District R-V, 712 F.2d 339, 344-45 (8th Cir.1983).
 
 
 8
 The judgment of the district court is affirmed.