21 F.3d 433
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Eddie RISDAL, Appellant,
v.
David WALDEBACH, individually and as a guard at the Iowa
Men's Reformatory, Appellee.
 No. 93-1605.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: November 19, 1994.
Filed: April 11, 1994.
 
 Before McMILLIAN, WOLLMAN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Eddie Risdal, an Iowa inmate, appeals from the judgment entered upon a jury verdict in favor of David Walderbach, an Iowa correctional officer, in this 42 U.S.C. Sec. 1983 action. We affirm.
 
 
 2
 In April 1990, Risdal filed a second amended complaint alleging, inter alia, that Walderbach violated his constitutional rights by using excessive force, by sexually assaulting him, and by retaliating against him for exercising his right to file law suits. Prior to trial, the district court[1] questioned the venire at length, some individuals were stricken for cause from the panel, and the remaining members of the venire were approved. The jurors were then selected by lot, both counsel were allowed to exercise their peremptory strikes, and a seven-member jury was seated. After hearing testimony, the jury determined that Walderbach did not violate Risdal's Eighth Amendment rights. The district court entered judgment in favor of Walderbach and awarded him costs.
 
 
 3
 Risdal now argues that he was denied due process, equal protection, and a fair trial because he was forced to wear a torn prison jumpsuit that exposed his body to the jury; because he was denied an opportunity to call witnesses that he had requested prior to trial; because his appointed attorney improperly delegated the case to his assistant; and because a judge from another district sat by designation without the parties' approval. Risdal also argues that his constitutional rights were violated because he was forced to swear on the Bible prior to giving testimony; because he was not allowed to participate in jury selection (in that the judge pre-selected the jury); and because Walderbach's attorney informed the jury that Risdal was gay and had been convicted of child molestation.
 
 
 4
 Risdal also argues that the judge told his attorney to stop representing him so diligently; that the judge announced that the case had to be decided in one day so he could catch his plane home; that the judge prevented him from calling all of his witnesses because the judge wanted to go home; and that the judge gave jury instructions that were biased against him. Finally, Risdal argues that several judges and attorneys conspired to deny him an opportunity for a fair trial and to murder him. In his reply brief Risdal argues that he was denied a fair trial because the witnesses were forced to wait outside of the courtroom during the trial.
 
 
 5
 We cannot address Risdal's arguments concerning his clothing or the judge's statements and actions during the trial. These alleged wrongs do not appear in the record and Risdal failed to supplement the record properly pursuant to Federal Rule of Appellate Procedure 10(c). See Hicks v. Mickelson, 835 F.2d 721, 724 (8th Cir. 1987); Murphy v. St. Paul Fire & Marine Ins. Co., 314 F.2d 30, 31-32 (5th Cir.), cert. denied, 375 U.S. 906 (1963).
 
 
 6
 Risdal's arguments based on his appointed attorney's delegation of the case to another attorney and on the parties' not having approved the out-of-district judge are meritless. Although Risdal had no constitutional right to counsel in this case, he was represented by an attorney. The parties' consent was not a prerequisite to having a judge from another district sit by designation. See 28 U.S.C. Sec. 292(d); cf. Reynolds v. Lentz, 243 F.2d 589, 590 (9th Cir.) (per curiam) (parties lack standing to question validity of designation of visiting judge), cert. denied, 354 U.S. 939 (1957).
 
 
 7
 Risdal waived any claim he may have had regarding references to his sexual orientation and to his criminal record because they occurred repeatedly during the trial without objection, and admission of the evidence was not plain error. See Powell v. Burns, 763 F.2d 337, 338 (8th Cir. 1985). Risdal also waived any objection he may have had to the jury instructions. The parties stipulated that they agreed to the jury instructions prior to trial, and Risdal did not object to any of the instructions at trial. See Grogan v. Garner, 806 F.2d 829, 837 nn. 10-11 (8th Cir. 1986).
 
 
 8
 We do not consider Risdal's conspiracy claims because they were not raised below, are not properly raised here, and are unsupported. Similarly, we do not consider Risdal's argument that witnesses were forced to wait outside of the courtroom, because it was raised for the first time in his reply brief. See Parmenter v. Federal Deposit Ins. Corp., 925 F.2d 1088, 1093 (8th Cir. 1991).
 
 
 9
 Accordingly, the judgment is affirmed.
 
 
 
 [1]
 The Honorable Robert R. Merhige, Jr., Senior United States District Judge for the Eastern District of Virginia, sitting by designation