Argued October 2, affirmed November 25, 1964

# WALKER *v.* ST. VINCENT dePAUL
### 396 P. 2d 898

*Asa L. Lewelling,* Salem, argued the cause for appellant. On the brief were Lewelling & Gies, Salem.

*John L. Luvaas,* Eugene, argued the cause for respondent. On the brief were Luvaas, Cobb & Richards, Eugene.

Before McALLISTER, Chief Justice, and ROSSMAN, PERRY, SLOAN, O'CONNELL, GOODWIN and DENECKE, Justices.

## DENECKE, J.

Plaintiff sued defendant store for damages for personal injuries incurred when a chair upon which she was standing tipped. Defendant moved for a directed verdict on the ground that plaintiff failed to prove negligence, and the motion was denied. The jury found for plaintiff and defendant appeals.

Plaintiff, a woman of 63, was a customer in defendant's self-service store. Plaintiff wanted to buy a puzzle which was on a shelf almost higher than plaintiff could reach. A clerk suggested that plaintiff stand on a nearby chair. "Plaintiff got the chair, got on

it, secured the puzzle, 'turned around and backed off' whereupon the chair 'tipped' and threw plaintiff 'off-balance.' The chair did not tip over. * * * The chair did not break or collapse." (Defendant's Statement of the Case)

The wooden chair was introduced into evidence. It is unusually constructed: its back is 34 inches high; its seat is 24 inches wide and 14 inches deep; the base upon which the seat rests and to which the legs are secured is only 11 inches deep so that the front of the seat overlaps the base by 3 inches; the legs at the bottom are 11 inches apart. The chair is a makeshift; the seat appears to have been the seat or top of an old-fashioned school desk, which was nailed onto a chair whose former seat was missing.

Defendant contends that plaintiff must call an expert witness "to establish a standard of design by which the safety of the chair could be measured." None was called, and defendant believes that without such testimony the jury may not speculate on whether the chair was safe or unsafe.

■ The safety of some objects or practices is beyond the ken of a lay factfinder and expert testimony is required before the question may be submitted to the jury. See, *e.g.*, *Welter, Adm'x v. M & M Woodworking Co.*, 216 Or 266, 278-279, 338 P2d 651, 657 (1959) (adequacy of logging road).

■ However, there are other objects and practices which are familiar enough that a lay factfinder may determine, without the aid of expert testimony, whether the use of the object or the following of the practice is reasonably safe. *E.g., Dorn v. Clarke-Woodward Drug Co.*, 65 Or 516, 133 P 351 (1913) (ladder); *Marks v. Columbia County Lumber Co.*, 77 Or 22, 149 P 1041,

Ann Cas 1917A 306 (1915) (horse); *Ritter v. Beals,* 225 Or 504, 358 P2d 1080 (1961) (ramp).

■ Whether or not this chair was reasonably safe is a question within the range of common experience, which a jury is competent to resolve without the aid of expert testimony. The trial court correctly denied defendant's motion for a directed verdict.

This ruling also refutes the principal basis for assignments of error numbered 2 and 3. The instructions which are the subject of those assignments are held to be proper.

■ The admission of a written statement, allegedly made by an employee of defendant, who was called by defendant as a witness, is assigned as error. Even if we assume, without deciding, that its admission was error, it was not prejudicial. On cross-examination the witness testified that she could not remember whether she suggested that plaintiff use the chair. The statement indicates that she did. Whether she did or did not is immaterial since defendant's manager testified that the chair was there for customers to stand on to reach merchandise. Other differences between the witness's testimony and the written statement are insignificant.

■■ Defendant further asserts that the admission into evidence of an alleged oral statement of defendant's manager that plaintiff's medical expense would be taken care of was reversible error. The plaintiff, upon direct examination, at the beginning of the trial, had testified that the manager so stated and defendant made no objection or motion to strike such testimony. Counsel probably had good tactical reasons for not objecting to such testimony of plaintiff. However, when testimony has once been received without objec-

tion it is within the discretion of the trial court to receive similar testimony subsequently offered although it is objected to when subsequently offered. This rule may have been relied upon by this court in *Beadle v. Paine,* 46 Or 424, 427, 80 P 903, 904 (1905), and *Savage, Adm'x v. Palmer,* 204 Or 257, 274, 280 P2d 982, 990 (1955). These decisions are not completely clear in this regard. However, this has been clearly held in other jurisdictions: *First Nat. Bank in Tonkawa v. Beatty,* 172 Okla 47, 45 P2d 158, 160 (1935); *Naccarato v. Village of Priest River,* 68 Idaho 368, 195 P2d 370, 373 (1948); *Baxter v. Lincoln Mills Co.,* 70 RI 16, 36 A2d 106, 110 (1944); *Dobbins v. State,* 127 Tex Crim 380, 76 SW2d 1057, 1058 (1934).

Judgment affirmed.