Argued January 31, reversed and remanded March 23, 1966

## STATE OF OREGON *v.* ELLIS
412 P. 2d 518

*Gary D. Babcock,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the briefs was Lawrence A. Aschenbrenner, Public Defender, Salem.

*Avery W. Thompson,* District Attorney, Roseburg, argued the cause and filed a brief for respondent.

Before McAllister, Chief Justice, and Perry, Sloan, Goodwin, Denecke, Holman and Schwab, Justices.

PERRY, J.

The defendant was convicted of the crime of kidnapping and appeals.

The kidnap victim is Beatrice June Ellis, the former wife of the defendant. Mrs. Ellis testified that her decree of divorce became final November 23, 1964; that on December 15, 1964, defendant called her by telephone, and late that night came to the house where she and the children of this marriage resided; that at his request she reluctantly admitted him to the house.

There is testimony from this point that the defendant forced Mrs. Ellis from her home at gunpoint

and then kept her imprisoned against her will for a number of hours.

During the cross-examination of Mrs. Ellis, defendant offered a note written by Mrs. Ellis when she took the children and moved from California to Oregon. The note is as follows:

"Dear Ray: I don't know what to write but the urge to leave and get away for awhile has been with me for some time. I wish you and I could talk but we never can. Please let me alone for awhile and let me think things out. You have been trying to be good to me but I feel frozen inside. Please forgive me but I must think things out.

Love June"

On redirect, Mrs. Ellis testified as follows as to the reason she wrote the note:

"A   Yes. I had left my husband a year prior to writing this note and over something that had happened in our family.

"Q   Was the thing that gave occasion for the break up of the family—
"A   Pardon?

"Q   Was it the incident that occasioned the break-up of the family?
"A   Yes.

"Q   Will you tell us what that was?
"A   That was when Leroy molested our daughter in Chico, California. I had left him then and went to Cottage Grove and he followed me up there and, of course, he threatened her life then. I didn't know what to do. I had to take the boys. I know they all had to go to school and Leroy wouldn't let me alone; so I took the boys and went back to him. Knowing this all the time, this year—

"Q   Did you take the girl back to the family?
"A   No, she wouldn't go back.

"Q    Where did she live?

"A    She lived with my brother and his wife half a year and with my sister the other part of the year. And I went back until I could figure out what to do because I knew the children had to be in school. I couldn't run all over the country with them. I lived with him a year knowing this and he knew I knew it. That's why I wrote that note. Finally I couldn't stand it any longer and I had to get away.

"Q    That is when you went to Clackamas County?

"A    Yes."

It will be noted no objection was made by defendant at this time to the statement "That was when Leroy molested our daughter."

Subsequently the daughter was called as a witness by the state in its case in chief and over the objection of the defendant was permitted to testify to the purported rape.

The defendant contends that the trial court was in error in overruling the defendant's objection and permitting the introduction of this highly prejudicial testimony.

█ It is well established in this state that proof of other crimes in no way connected with the crime for which the defendant is being tried is inadmissible, *State of Oregon v. Long,* 195 Or 81, 112, 244 P2d 1033, and constitutes reversible error where, having no relevancy, it simply blackens the defendant's reputation and a jury is thereby made more ready to convict, *State v. Bailey,* 179 Or 163, 176, 170 P2d 355.

██ Proof of other crimes becomes relevant only when it tends to establish a material element of the crime charged.

Under "Kidnapping" ORS 163.610 states:

> "Every person who without lawful authority forcibly seizes and confines, inveigles or kidnaps another, with intent to cause such other person to be secretly confined or imprisoned in this state against his or her will, or to cause such other person to be sent out of the state against his or her will, * * *."

The purported rape of the daughter would clearly not tend to establish any of the elements of the crime charged.

The state contends that defendant made no objection when Mrs. Ellis testified defendant molested the daughter, and therefore waived his right to object to the daughter's testimony upon this subject, and that the failure of defendant to object at the time the statement was made by the mother waives his right to object to the testimony of the daughter.

■ This court has held that the failure of a party to object to evidence of a particular fact does not waive the right to object to similar evidence when offered, but its reception or denial because of failure to object permits the trial court to exercise its discretion as to whether or not the objection should be sustained. *Walker v. St. Vincent dePaul*, 239 Or 135, 396 P2d 898.

■ However, the testimony here is not of the same tenor as to the same particular fact. The word "molested," while it may connote sexual abuse, at the same time may leave the impression of general harrassment. A defendant may prefer not to make an objection to the use of a general statement in the belief that an objection would leave a more damaging impression in the minds of the triers of fact, but when the party then offers evidence to disclose the specific meaning

of the general term used, defendant may then wish to object because of its highly prejudicial nature.

Under such circumstances, the mere failure to object to the general statement should not be held to in anywise waive a valid objection to the specific. *Hart v. Kansas City Public Service Co.*, Mo App, 154 SW2d 600; *Tyndall v. Harvey C. Hines Co.*, 226 NC 620, 39 SE2d 828.

■ While there was ample evidence to justify a guilty verdict, our examination of this record discloses that, although no objection was made by the defendant, a great deal of irrelevant matter was placed before the jury for the sole purpose of blackening the character of the defendant and it is very doubtful that we could say on this record that the defendant was afforded a fair trial. It was clearly error to admit into evidence, over the objection of the defendant, the purported rape of the daughter.

The judgment is reversed for a new trial.