459 P.2d 559 (1969)
STATE of Oregon, Respondent,
v.
Daniel Allen McLean, Appellant.
Court of Appeals of Oregon, In Banc.
Argued and Submitted July 8, 1969.
Decided September 29, 1969.
*560 Ken C. Hadley, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.
Jacob B. Tanzer, Solicitor Gen., Salem, argued the cause for respondent. With him on the brief was George Van Hoomissen, Dist. Atty., Portland.
Before SCHWAB, C.J., and LANGTRY, FOLEY, FORT, and BRANCHFIELD, JJ.
SCHWAB, Chief Judge.
Defendant was tried by jury and convicted in circuit court of the crime of assault and battery by means of force likely to produce great bodily injury. ORS 163.255. The crime took place while defendant was an inmate of the Rocky Butte Jail awaiting prosecution on another charge. The victim was also a prisoner in the jail. No purpose is to be served by a recitation of the sordid details.
Defendant makes two assignments of error on appeal. On direct examination defendant was asked concerning the disposition of the charge that had brought about his incarceration in the jail. (He had been acquitted.) The trial judge sustained the prosecutor's objection to that question and this ruling is the basis of defendant's first assignment of error.
In the course of the trial, the state called an investigating officer as a prosecuting witness. At that point, the defendant asked that the officer's entire report be made available to the defendant. This request was denied. Thereafter, in his case in chief, defendant called as a witness a man who had been an inmate in the cell of the defendant and the victim. This witness had made statements to the investigating officers prior to trial. The prosecution impeached the testimony of this defense witness by use of the prior statements. Defense counsel had been unaware of the prior inconsistent statements and brings as his second assignment of error the failure of the court to order the prosecution to turn over the entire investigative report to the defense when requested.
FIRST ASSIGNMENT OF ERROR
"* * * [P]roof of other crimes in no way connected with the crime for which the defendant is being tried is inadmissible, State of Oregon v. Long, 195 Or. 81, 112, 244 P.2d 1033, and constitutes reversible error where, having no relevancy, it simply blackens the defendant's reputation and a jury is thereby made more ready to convict. State v. Bailey, 179 Or. 163, 176, 170 P.2d 355." State v. Ellis, 243 Or. 190, 193, 412 P.2d 518, 519 (1966).
This exclusion applies not only to proof of the commission of other crimes, but also to evidence from which the jury might infer the commission of other crimes, such as a reference to a "mug shot" of defendant. *561 State v. Jacobs, 94 Ariz. 211, 382 P.2d 683 (1963).
Here, defendant rightly concedes it was necessary for the prosecution to show that defendant was a prisoner in the jail at the time of the alleged assault. Since it was relevant to show that the defendant was a prisoner and thereby at least strongly infer that he had committed another crime, it follows that defendant should have been permitted to show the disposition of the prior charge once the fact that he was an inmate of the jail had been brought out.
We do not agree with the state's argument that defendant should have informed the trial court by way of an offer of proof that the defendant had been acquitted of the prior charge, and that by failing to do so, defendant has lost his right to appeal from the ruling. "The object of a formal proffer of proof is to apprise the court of the nature and bearing of the testimony, which the proponent wishes to elicit * * *," McCarty v. Sirianni, 132 Or. 290, 296, 285 P. 825, 828 (1930). Here, the nature and bearing of the expected testimony was clear and no useful purpose would have been served by requiring an offer of proof.
The fact that the trial judge did not permit the defendant to introduce evidence of his acquittal on the prior charges against him, does not warrant a reversal of defendant's conviction in this case. It is not every error which will justify a reversal  only such error as is found to have been prejudicial to a substantial right of the defendant. ORS 138.230; Amended Art. VII, § 3, Oregon Constitution. In making this determination we look to the entire record. State of Oregon v. Cahill, 208 Or. 538, 575, 293 P.2d 169, 298 P.2d 214, cert. den. 352 U.S. 895, 77 S.Ct. 132, 1 L.Ed.2d 87 (1956); State of Oregon v. Bailey, 208 Or. 321, 343, 300 P.2d 975, 301 P.2d 545 (1956); State of Oregon v. Story, 208 Or. 441, 446, 301 P.2d 1043 (1956).
Here, the defendant was permitted to show that the prior charge was "taking and using an automobile." Only when defense counsel asked defendant the disposition of the "taking and using" charge did the prosecution object. The crime of "taking and using an automobile" is not such as would likely have made the jury more readily believe the defendant committed the crime of assault and battery, particularly in light of the sordid facts involved here.
We find that the defendant was not prejudiced by the ruling of the trial judge excluding evidence of defendant's acquittal of the charge for which he had been held in jail.

SECOND ASSIGNMENT OF ERROR
Defendant argues it was a denial of due process for the prosecution to withhold the investigators' report of out-of-court statements made by a witness called by the defendant when the investigators' report was used to impeach the witness. Defendant further claims he was misled by the prosecution into believing he had the entire report of the investigating officers. When Officer Jones was called by the state as a prosecution witness, the defense counsel requested that his entire report be made available to defendant. After hearing counsel, the trial judge made the following order:
"* * * I do want you to show Mr. Lowthian, as counsel for the defendant, any portions of Mr. Jones' report that would have to do with his testimony regarding this defendant or his interview with Gorsuch, regarding this defendant, and show him also any such other portions as to any other witness you would call." (Emphasis supplied.)
At the least, the trial judge's order fully complied with the rule that "* * * previous written statement of a witness should be made available to defendant for possible impeachment on cross-examination of the witness." (Emphasis supplied.) State v. Foster, 242 Or. 101, 103, 407 P.2d 901, 902 (1965). There is nothing in the record, nor does defendant allege any acts of the prosecutor off the record, which *562 would indicate that the prosecutor had agreed to do more than follow the judge's order or which would indicate that the prosecutor led defense counsel to believe that he had been given what purported to be the entire investigative report. Thus, the claim that the prosecution misled the defendant into thinking that he had the entire investigative report is wholly unsubstantiated. The basic thrust of the defendant's argument appears to be that it was a denial of due process for the prosecutor to withhold the prior statements of a defense witness from defense counsel, because it trapped defendant into offering a witness damaging to his case. The defendant cites no authority in support of this proposition and we find no merit in it.
The judgment is affirmed.