Argued January 21, affirmed February 26, petition for
rehearing denied April 22, 1970. Petition for review
denied by Supreme Court June 30, 1970

# STATE OF OREGON, *Respondent, v.*
# DENNIS ALONZO GAGNON,
## *Appellant.*

### 465 P2d 737

*Francis F. Yunker,* Portland, argued the cause and filed the brief for appellant.

*Jim G. Russell,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and Jacob B. Tanzer, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and FOLEY, Judges.

LANGTRY, J.

The defendant and Yolande Pompey were jointly indicted under ORS 167.120 for illegally soliciting Officer Renoud to have sexual intercourse with a named prostitute. ORS 167.120 provides:

"Any person who * * * solicits * * * any male person to have sexual intercourse with a prostitute, shall be punished * * *."

Defendant waived jury trial and was convicted by the court. He denied that he had solicited Officer Renoud. From the evidence the factfinder could infer the following:

Mr. Renoud, in plain clothes, was at the bar in the Lotus Cafe in Portland. He and defendant became involved in conversation, during which defendant suggested that Renoud might be interested in "a girl," to which Renoud responded affirmatively. Defendant attempted to get several girls in and outside the cafe to engage in sexual intercourse for pay with Renoud, but they refused. Renoud called defendant a liar and

defendant left. Between two and three hours later, defendant reappeared with another man who he introduced to Renoud as "Pompey." He claimed that Pompey would obtain a girl for Renoud. Pompey obtained a girl and with defendant present Pompey offered the girl to Renoud. The girl testified about the arrangements made for payment of money, and that she was a prostitute.

Defendant assigns as error: (1) the evidence does not support the court's finding; (2) there was error in allowing the prostitute to testify, over objection, to the statements made by Pompey because there had not been previous proof of a conspiracy; and (3) the court erred in finding that Officer Renoud was a male person.

The latter assignment is idle. A question was asked of the first witness, the prostitute, whether she met "*a man*" at the bar, to which she answered, "Yes. * * * Officer Renoud."

The prostitute's testimony regarding Pompey's statements was properly received. Although ORS 41.900(6) provides that the declaration of a coconspirator may be received "after proof of a conspiracy," the order of proof is nevertheless discretionary with the trial court, provided that if there is no proof of conspiracy any statements received out of order must be disregarded. *State v. Caseday*, 58 Or 429, 115 P 287 (1911); *State v. Ryan*, 47 Or 338, 82 P 703, 1 LRA(ns) 862 (1905). There was an abundance of evidence to support a finding of conspiracy between defendant and Pompey. In testimony about the solicitation, the prostitute said:

> "Well, I don't remember who said what and what was said. They were both talking * * * Mr. Gagnon and Mr. Pompey."

In Officer Renoud's testimony, he said:

"Q  What was the price?

"A  $25.

"Q  Was Mr. Gagnon present at the time?

"A  Mr. Gagnon was present at the time.

"He told me a girl named Rita would be there at the bar, and shortly thereafter Rita arrived at the bar. Mr. Gagnon stated at that time verbally, 'See, I told you he could get you a girl.'

"Q  Was Mr. Pompey present at the time he said this?

"A  Yes, he was."

The existence of an illegal conspiracy may be inferred from the circumstances. *State v. Ryan,* supra.

■ The other assignment of error turns on whether the request to find a girl originated with Gagnon or Renoud. Renoud's testimony on direct examination was as follows:

"Q  Now the conversation came up regarding prostitution, in the Lotus Cafe. Who brought that subject up?

"A  Dennis Gagnon."

This, with the other evidence, was sufficient, if believed, to sustain a factual finding that defendant was the original solicitor. The evidence that Gagnon continued with efforts to accomplish the illegal transaction was sufficient for conviction.

"*  *  *  [O]ne can be indicted for an act and convicted upon proof that the defendant did not personally do the act but was the prime mover in having another  *  *  *  perform the actual act." *State v. Blackwell,* 241 Or 528, 531, 407 P2d 617 (1965).

Affirmed.