Argued and submitted July 9, affirmed as modified September 26, 1984

DALY et al,
*Respondents,*

*v.*

FITCH,
*Appellant.*

(A8205-03239; CA A29236)

687 P2d 1124

Eric C. Larson, Gresham, argued the cause for appellant. With him on the brief was Larson and Sharp, Gresham.

Robert L. Kirkman, Portland, argued the cause for respondents. With him on the brief was Warren, Kirkman & Allen, Portland.

Before Gillette, Presiding Judge, Joseph, Chief Judge, and Young, Judge.

JOSEPH, C. J.

## JOSEPH, C. J.

Defendant Terry Fitch appeals from a decree of strict foreclosure. He contends that, because plaintiffs routinely accepted late payments, they have "waived" their right to strict performance of the contract. He also contends that the trial court erred by entering the decree of strict foreclosure, because plaintiffs did not give defendant a reasonable time to cure the default. We affirm.[1]

In 1974, plaintiffs sold a 9-unit apartment house by land sale contract. After a series of assignments, Fitch obtained the vendee's interest in March, 1976. The contract contained this provision:

> "Time is of the essence of this contract and in case the purchaser shall fail to make payments above required, or any of them, punctually within 10 days of the time granted therefore [seller shall be entitled to pursue several remedies] * * *."

Payment was due on the 15th day of each month, although the buyer would not be in default if payment were made within the 10-day grace period. Between April, 1976, and September, 1979, defendant's monthly payment check was dated later than the 15th of the month 20 times. Only once, however, in October, 1977, was the check dated later than the 25th. That check, dated October 31, 1977, violated the timely payment terms of the contract. In September, 1979, plaintiffs mailed a letter, saying:

> "In the past your payments on the above apartment complex have been late almost every month. Please be reminded that your payment is due at my residence on the 15th day of the month. *We shall expect you to comply with the terms stated on the contract.*" (Emphasis supplied.)

Between November, 1979, and March, 1982, defendant made five monthly payments with checks dated later than the 15th but not later than the 18th of the month. In April, 1982, defendant returned from a vacation on the 23rd and learned that the monthly payment had not been made. The check was prepared on April 25 and mailed the next day, which was a

---

[1] In their brief, plaintiffs moved to dismiss this appeal on the ground that defendant's brief failed to comply with Rule 7.19 of the Oregon Rules of Appellate Procedure. That motion is denied.

Monday. Plaintiffs received the check on the 29th. The following day plaintiffs' attorney sent defendant another letter:

> "Reference is made to Mr. Daly's letter of some months ago wherein he indicated to you that your contract payments on the above contract must be timely made and if there *[sic]* were not made timely, Messers. Daly and May would take such action including acceleration and foreclosure as to them may seem appropriate."

The letter also indicated that plaintiffs were "herewith accelerating the balance of the contract" and that defendant had 10 days from the date of the letter to pay the entire contract balance. Plaintiffs also returned defendant's late check.

Defendant argues that plaintiffs waived their right to insist on timely payments, because they had accepted numerous "late" payments throughout the life of the contract. Defendant contends that, even if the letter in September, 1979, reminding defendant to pay by the 15th day of the month and otherwise to comply with the terms stated in the contract is a "time-essence" letter reviving that clause, plaintiffs' subsequent acceptance of "four late payments over the period of 10 months strongly indicates another waiver."

We are not persuaded by defendant's arguments. The contract makes payment due on the 15th of the month. However, defendant was not in default if payment were made by the 25th of the month. The record indicates that from 1976 until April, 1982, only two payments were made later than the 25th of the month. Even if plaintiffs' acceptance of the first late payment constituted a "waiver"[2] of the time-essence clause, the September, 1979, letter complaining of payments received after the 15th and reminding defendant of the need to "comply with the terms stated on the contract" revived the time-essence clause. *See Salishan Hills, Inc. v. Krieger,* 62 Or

---

[2] The parties speak in terms of "waiver" of the time-essence clause. Most of the relevant cases do also. Several cases suggest that estoppel is a more appropriate concept. *See Stinemeyer v. Wesco Farms, Inc., infra,* 260 Or at 116; *County of Lincoln v. Fisher et al,* 216 Or 421, 452, 339 P2d 1084 (1959). Waiver refers to the *intentional* relinquishment of a known right, claim or privilege. Estoppel is an equitable principle that precludes someone from exercising a right to another's detriment if the right holder, through words or conduct, has led the other to believe that the right would not be exercised. The effect of accepting late payments on a seller's right to exercise a time-essence clause is usually more properly put in terms of estoppel rather than of waiver.

App 84, 89, 660 P2d 160 (1983). That letter constituted reasonable notice that plaintiffs would insist on strict performance of the contract provisions. The subsequent late payment received after the 25th of the month in April, 1982, was a material default that entitled plaintiffs to foreclose. *Stinemeyer v. Wesco Farms, Inc.,* 260 Or 109, 116, 487 P2d 65 (1971); *Blondell v. Beam,* 243 Or 193, 298, 413 P2d 397 (1966). Because of the 10-day grace period, acceptance of several payments later than the 15th of the month but before the 25th could not estop plaintiffs from exercising their foreclosure remedy, because those "late" payments were not in default within the meaning of the contract.

■ ■ Defendant also argues that plaintiffs failed to give him a reasonable time to cure the default. This is a confusing assertion, which is not only problematic in the present case but in any case involving a time-essence default. In *Fisher v. Tiffin,* 275 Or 437, 440, 551 P2d 1061 (1976), the court stated:

> "The law in this state is well established that, even when a contract contains a time-essence clause, a vendor who, through a consistent practice of accepting late payments, has permitted the purchaser to rely on this course of conduct must give reasonable notice that he will thereafter insist on strict performance of contract provisions. *The vendor must also give the purchaser a reasonable opportunity to bring the payments up to date before he is entitled to strict foreclosure.*" (Emphasis supplied.)

However, when a time-essence clause is in effect and a seller is not estopped from exercising it due to a "consistent practice of accepting late payments," it would be nonsensical to require the seller to give the buyer a reasonable opportunity to cure a default if the default is a late payment. That kind of default cannot be cured. A seller has a right to expect a buyer to honor the timely payment terms of a contract. If the terms are not honored, a seller should be entitled to pursue contractual remedies for default. Although a seller may not declare a forfeiture without giving a buyer reasonable notice and an opportunity to cure the breach, *Braunstein v. Trottier,* 54 Or App 687, 635 P2d 1379 (1981), *rev den* 292 Or 568 (1982), a seller who is not estopped from exercising a time-essence clause may foreclose a land sale contract without giving a buyer an opportunity to cure if the buyer fails to make timely payments under the terms of the contract. *See Lorenzen v.*

*Jackson,* 284 Or 251, 256, 586 P2d 341 (1978); *Blondell v. Beam, supra; Frazier v. Jackson,* 56 Or App 62, 66-67, 641 P2d 64, *rev den* 293 Or 146 (1982).

■■ We conclude that, because plaintiffs are not estopped from exercising the time-essence clause, they had a right to foreclose the contract because of defendant's late payment in April, 1982. Nonetheless, we must consider whether foreclosure is equitable under the facts of this case. *Frazier v. Jackson, supra,* 56 Or App at 66.

After the fatal late payment was made in April, 1982, plaintiffs returned defendant's check, notified him that they were accelerating the contract and gave him 10 days to pay off the balance. Plaintiffs sought strict foreclosure in May, 1982. Defendant continued to tender monthly payments which were consistently returned to him. In July, 1983, an interlocutory decree of strict foreclosure was entered in favor of plaintiffs. Defendant was given approximately six months, or until December 13, 1983, to pay off the contract balance plus appropriate interest, together with the real property taxes which had accrued since the litigation began and attorney fees, costs and disbursements. He filed a notice of appeal on October 3, 1983. He has had more than two years while this matter has been in litigation to consider alternative financing arrangements. Plaintiffs had a right to foreclose, and foreclosure was equitable, because defendant was given six months to arrange alternative financing. However, in view of the delay caused by this litigation, which ought to have benefitted defendant's ability to pay, defendant shall have 30 days from the effective date of this decision to redeem. *See Frazier v. Jackson, supra,* 56 Or app at 69.

Affirmed; defendant shall have 30 days from the effective date of this decision to redeem.