**FLOOR COVERING UNION AND INDUSTRY WELFARE TRUST, Plaintiff,**

v.

**Wayne TOMPKINS and Esther Tompkins, Defendants.**

**Civ. No. 90–327–FR.**

United States District Court, D. Oregon.

April 12, 1991.

Darrell L. Cornelius, Portland, Or., for plaintiff.

William F. Thomas, Portland, Or., for defendants.

## OPINION

FRYE, Judge:

In the action before the court, plaintiff, Floor Covering Union and Industry Welfare Trust (the trust), seeks a money judgment in the amount of $47,101.59 against defendants, Wayne Tompkins and Esther Tompkins. The trust contends that it is entitled to restitution in the amount of $47,-101.59 in medical benefits paid by the trust on behalf of Wayne and Esther Tompkins after June, 1986 because Wayne and Esther Tompkins were ineligible to receive those benefits.

The matter was tried to the court on March 29, 1991.

## FINDINGS OF FACT

Wayne and Esther Tompkins are husband and wife. Wayne Tompkins was the principal officer and a full-time employee of Spear Floor Covering Company (Spear), a corporation. Spear had been a party to a series of collective bargaining agreements with Linoleum, Carpet and Soft Applicators' Local Union No. 1236 (Local 1236) dating back to at least 1971.

Pursuant to the collective bargaining agreements, Spear made payments to the trust on behalf of those employees whose work was covered by the collective bargaining agreements. Wayne Tompkins was not an employee whose work was covered by the collective bargaining agreements, and therefore was not a participant or benefi-

ciary of the trust as a bargaining unit employee. However, non-bargaining unit employees of employers who are signatory to agreements with Local 1236 are permitted to participate in the trust pursuant to the express provisions of the trust. Wayne Tompkins participated in the trust as a non-bargaining unit employee of Spear, and Esther Tompkins was eligible to participate as his spouse.

In June, 1986, Wayne Tompkins sold the name and assets of Spear to Great River, Inc. (Great River), a corporation also known as Wheel of Fortune, Inc. The name of Spear was changed to Tompkins Industries, Inc. (Tompkins Industries), although Great River used the name Spear in the operation of the floor covering part of its business, Tompkins Industries continued to pay employees of Local 1236 who performed work for Great River pursuant to the agreement between Spear and Local 1236 and continued to make contributions to the trust on behalf of those bargaining unit employees.

At the time of the sale of Spear to Great River, Wayne Tompkins became an employee of Great River, which did not have a collective bargaining agreement with Local 1236. Wayne Tompkins entered into an exclusive employment/consulting agreement with Wheel of Fortune, Inc. aka Great River. Great River thereafter paid all of the contributions to the trust on behalf of Wayne and Esther Tompkins until the medical insurance premiums were increased, at which time Wayne Tompkins paid the amount of the premium increase.

The last collective bargaining agreement between Spear and Local 1236 was effective from April 1, 1985 to March 31, 1988. From June, 1986 until March, 1988, the trust incurred expenses for medical services on behalf of Wayne Tompkins as a trust participant amounting to $47,779.91, and on behalf of Esther Tompkins as the spouse-beneficiary of Wayne Tompkins amounting to $393.68.

## CONTENTIONS OF THE PARTIES

The trust contends that Wayne Tompkins was not eligible to receive benefits under the trust after June, 1986. The trust argues that when Wayne Tompkins ceased to be an employee of Spear and became an exclusive employee of Great River, which was not signatory to a labor agreement with Local 1236, Wayne Tompkins was no longer eligible to participate in the trust.

The trust maintains that it was not aware of the change in the employment of Wayne Tompkins when it accepted contributions on his behalf and when it paid benefits for medical services. The trust asserts that had it known of the change in the employment of Wayne Tompkins, it would have concluded that he was no longer eligible to participate in the trust. The trust argues that since Wayne Tompkins was not eligible to receive benefits, Wayne and Esther Tompkins were unjustly enriched in the amount of the benefits that were paid, and therefore the trust is entitled to full restitution.

Wayne Tompkins contends that the trust is estopped from seeking restitution on the grounds that 1) the business agent for Local 1236 knew of the change in the employment of Wayne Tompkins and approved his continued participation in the trust; and 2) the trust accepted payments after the change in the employment of Wayne Tompkins.

In response to Wayne Tompkins' contentions, the trust counters that there is no evidence that an agent of Local 1236 was aware that Wayne Tompkins was the exclusive employee of Great River after the sale in June, 1986 or that Great River, a non-signatory employer, would pay the insurance premiums for Wayne Tompkins. The trust asserts that the fact that it accepted payments cannot form the foundation for a waiver of its claim because it was unaware of the change in the employment status of Wayne Tompkins.

## ANALYSIS AND RULING

29 U.S.C. § 1132(a) provides that "[a] civil action may be brought ... by a ... fiduciary ... to obtain ... appropriate equitable relief." 29 U.S.C. § 1132(a)(3)(B). This law has been expressly recognized to include the right of trust participants to

recover contributions mistakenly made to an employee benefit plan under the equitable doctrine of restitution. *Award Serv., Inc. v. Northern Cal. Retail Clerks Unions*, 763 F.2d 1066 (9th Cir.1985); *Chase v. Trustees of W. Conference of Teamsters Pension Trust Fund*, 753 F.2d 744 (9th Cir.1985). "Restitution is said to be applicable in any situation in which one person is accountable to another on the ground that otherwise one would unjustly benefit or the other would unjustly suffer loss." Restitution includes, but is not limited to, the subject area of "quasi contracts." *Fleming v. Wineberg*, 253 Or. 472, 482, 455 P.2d 600 (1969).

■ A person who has been unjustly enriched at the expense of another is required to make restitution regardless of whether the reason for the unjust enrichment is an innocent mistake or a material misrepresentation. *See* Restatement of Law of Restitution (1936) Section 28(b).

As an employee of Great River or Wheel of Fortune, Wayne Tompkins was not eligible to continue to participate in the trust after the sale of the business in June, 1986. The medical payments made by the trust after June, 1986 were made upon the mistaken belief that Wayne Tompkins continued to be eligible to participate in the trust as a non-bargaining unit employee of a signatory employer. There is no evidence that Wayne Tompkins notified the trust or any agent of the trust of the material change in his employment. It is reasonable to believe that if Wayne Tompkins had notified the trust that he was employed by Great River, the trust would not have accepted payments on his behalf and continued coverage after June, 1986.

■ A trust may be estopped from seeking restitution under the doctrine of equitable estoppel if the trust, through its acts or omissions, leads a person to believe that the trust knowingly waived the conditions of eligibility for benefits. *See Daly v. Fitch*, 70 Or.App. 18, 20, 687 P.2d 1124 (1984). There is no evidence in the record that the trust was notified of the change in the employment of Wayne Tompkins. The trust continued to accept contributions on behalf of Wayne Tompkins, just as it continued to accept contributions on behalf of the bargaining unit employees, because the trust had not been notified that Wayne Tompkins was no longer a non-bargaining unit employee of a signatory employer.

■ Undoubtedly, there was a mistake made as to the requirements for continued participation in the trust, but the mistake was not made through the fault of the trust. The trust has a fiduciary duty to other participants in the trust to seek recovery of benefits made without the knowledge of the trust, and therefore the trust is entitled to prevail in this case.

## ATTORNEY FEES

■ An award of attorney fees to the trust is discretionary with the court. 29 U.S.C. § 1132(g)(1). There are at least five factors to be taken into consideration by the court in determining whether to award attorney fees: 1) the degree of Wayne Tompkins' culpability or bad faith; 2) the ability of Wayne Tompkins to satisfy an award of fees; 3) the deterrent effect of an award of attorney fees on others acting under circumstances similar to Wayne Tompkins' circumstances; 4) whether a benefit is conferred upon all other plan beneficiaries or a significant legal issue is resolved; and 5) the relative merits of each party's position. *Sokol v. Bernstein*, 803 F.2d 532, 538 (9th Cir.1986).

The trust contends that attorney fees should be awarded to it because the trust was an innocent party in paying benefits on behalf of Wayne Tompkins without knowledge that Wayne Tompkins was ineligible, and that an award of attorney fees will deter others from seeking benefits when they are not eligible for benefits. The trust also argues that an award of attorney fees will benefit all of the other participants in the trust by restoring the assets of the trust fund so they can be used on behalf of the other participants. The trust argues that the failure of Wayne Tompkins to report his employment change to the trust resulted in a significant monetary loss to the trust, and it should be made

whole by an award of attorney fees as well as a money judgment.

There is no evidence that Wayne Tompkins acted in bad faith in this case. There is no evidence that the Tompkins cannot satisfy an award of attorney fees. Furthermore, an award of attorney fees will confer a significant benefit upon all other plan beneficiaries and may deter others who might take for granted their continuing eligibility for benefits despite significant changes in their employment status.

The court concludes that the trust is entitled to be reimbursed for its reasonable attorney fees incurred.

## CONCLUSION

The trust is awarded restitution in the form of a money judgment in the amount of benefits it has paid on behalf of Wayne and Esther Tompkins since June, 1986. The trust is further awarded reasonable attorney fees in this action. The trust shall prepare the appropriate judgment for this court and document its claim for attorney fees.